PATRICK MAHAR, APPELLANT, *v.* DAVID H. SIMMONS, · RESPONDENT.

*Setting aside a verdict by the General Term on the ground that the damages are excessive — a second verdict, rendered on the same facts, larger than the first, will also be set aside.*

Upon a former appeal in this case a verdict of $200 was set aside by the General Term, on the ground that the verdict was excessive and that injustice had been done. Upon the second trial another jury, upon substantially the same facts, rendered a verdict of $750, which was set aside by the trial judge, because it appeared to be in contempt of the advice of this court.

*Held,* that the order should be affirmed, but that the defendant should be required to pay the costs of the trial to the plaintiff.

That, if the plaintiff would stipulate to reduce the verdict to $200 the order should be reversed, and the plaintiff have judgment upon such verdict, with full costs in both courts.

APPEAL from an order setting aside a verdict rendered by a jury at the Albany Circuit in favor of the plaintiff for $750.

*Galen R Hitt,* for the appellant.

*La Mott W. Rhodes,* for the respondent.

LANDON, J.:

Upon the former appeal in this case, we set the verdict of $200 aside and ordered a new trial. We did this in the exercise of our discretion. We thought injustice had been done, and that it was proper to submit the case again to the consideration of a jury.

This has been done and another jury, upon substantially the same facts as before, has rendered a verdict of $750. The trial judge set the verdict aside, because it appeared to be in contempt of the advice of this court. The case is not free from the suggestion of passion or prejudice on the part of the jury. When this court in the exercise of its discretion sets a verdict aside and orders a new trial, it does not intend to withdraw the case from the consideration of the jury, but it intends that another jury shall consider it with the dispassionateness which it is the policy of the law to procure by such retrial. In the present case the object of the court has not only been thwarted by the action of the jury, but the defendant has been punished by an increased verdict. If the jury had rendered the same verdict as before, we should have been inclined to acquiesce upon the ground either that the adherence of the jury to their former verdict, had fairly demonstrated that we were mistaken in supposing it to be unjust, or that it would not be expedient to prolong the litigation. We do not think, however, that we ought to accept this increased verdict; for thereby we would seem to invite increased vindictive damages if the jury should be led to believe that the court did wrong in setting the first verdict aside as unjust.

We agree, however, that when a verdict is set aside in the discretion of the court, it ought to be upon payment of the costs of the trial by the party in whose favor the discretion is exercised, and that no reason exists why this case should be made an exception to this general rule. We modify the order so as to set aside the verdict and grant a new trial only upon payment of costs of the trial by the defendant, within twenty days after service of a copy of the order to be entered hereon. But we conclude that if the plaintiff will stipulate to reduce the verdict to $200 the order may be reversed, and plaintiff may have judgment upon such verdict, with full costs in both courts.

LEARNED, P. J.; INGALLS, J., concurred.

Order modified, granting new trial only on payment of costs of trial by defendant. But if plaintiff stipulate to reduce verdict to $200, then order reversed and plaintiff to have judgment upon such verdict, with full costs in both courts.